47 F.3d 1166
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leonard Clifford GOODMAN, Defendant-Appellant.
 No. 93-5821.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 14, 1994.
Decided Feb. 14, 1995.
 
 Hunt L. Charach, Federal Public Defender, C. Cooper Fulton, Assistant Federal Public Defender, Charleston, WV, for Appellant. Rebecca A. Betts, United States Attorney, Michael L. Keller, Assistant United States Attorney, Charleston, WV, for Appellee.
 Before WILKINS, NIEMEYER, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Leonard Clifford Goodman pled guilty to possession of a sawed-off shotgun, 26 U.S.C.A. Sec. 5861(d) (West 1989), and was sentenced to a term of 57 months imprisonment. He appeals his sentence, claiming that the district court erred in departing upward for physical injury resulting from the offense. United States Sentencing Commission, Guidelines Manual, Sec. 5K2.2, p.s. (Nov.1992). He also argues that the court clearly erred in denying him an adjustment for acceptance of responsibility under USSG Sec. 3E1.1 without giving prior notice of the specific reason for the denial. We affirm.
 
 
 2
 Goodman used the sawed-off shotgun to shoot Kenneth Hicks during an altercation. Hicks had to have a finger reattached, and was also slightly wounded on the jaw and at the base of his skull. Goodman was initially arrested by state authorities. He admitted shooting Hicks, and gave a statement on the day of the incident in which he said, "I meant to shoot him in the head, but I missed[,] hitting [him] in the ear and fingers." Goodman was charged with malicious wounding in state court, pled guilty to the lesser offense of battery, and served twelve months in jail before being charged with the federal offense.
 
 
 3
 After giving notice that it was considering a departure, the district court heard evidence from witnesses produced by Goodman who testified that the victim, Hicks, had started the altercation, and that Goodman had not purposely shot Hicks, but had beaten him with the shotgun, which then went off accidentally.
 
 
 4
 The district court assigned Goodman a base offense level of 18 under USSG Sec. 2K2.1, found that Goodman had assaulted Hicks with the shotgun causing significant injury, and departed upward to level 21.
 
 
 5
 The district court erred in its determination that the injury done to Hicks was an aggravating factor " 'not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.' " United States v. Hummer, 916 F.2d 186, 192 (4th Cir.1990) (quoting 18 U.S.C.A. Sec. 3553(b) (West Supp.1994)), cert. denied, 499 U.S. 970 (1991). Section 2K2.1(c)(1)(A) provides that if the firearm was used in the commission of another offense, a cross-reference should be made to the applicable guideline. The relevant conduct shows that the most appropriate cross-reference was to USSG Sec. 2A2.2 (Aggravated Assault). Section 2A2.2 provides enhancements for discharge of a weapon and for bodily injury--the precise factors upon which the district court relied for its departure. Because the assault with the shotgun and Hicks' injury were adequately considered by the Commission in formulating the guidelines, the decision of the district court to depart was error and must be remanded unless the sentence would have been different but for the error of the district court. See Williams v. United States, 112 S.Ct. 1112, 1120 (1992).
 
 
 6
 However, the misapplication actually worked in Goodman's favor. Goodman's base offense level under Sec. 2A2.2 would have been 15. With a 5-level increase for discharge of a firearm under Sec. 2A2.2(b)(2), and a 2-level increase for bodily injury under Sec. 2A2.2(b)(3)(A), Goodman's adjusted offense level would have been 22, higher than level 21, the level at which Goodman was sentenced as a result of the departure. Thus, any error was harmless, and because the government did not appeal the failure to apply the cross-reference, remand for resentencing is inappropriate.
 
 
 7
 The probation officer recommended no reduction for acceptance of responsibility because Goodman was arrested for a third offense of driving under the influence (DUI) while he was on bond awaiting sentencing. At the sentencing hearing, Goodman called several witnesses whose testimony established that he had been intoxicated in his car on the highway, but left in doubt whether he had actually driven the car, or had been merely a passenger. However, the district court denied the adjustment because of Goodman's belligerent and threatening behavior toward the officer who attempted to administer a sobriety test to Goodman after his arrest. Goodman refused to submit to a test or to be fingerprinted and the officer had to use force to subdue him.
 
 
 8
 Goodman argues on appeal that the district court violated Fed.R.Crim.P. 32 by denying him an acceptance of responsibility reduction based on his conduct after the DUI arrest without giving prior notice that the adjustment might be denied on this ground. He contends that the requirement that the district court give prior notice of grounds on which it intends to depart, Burns v. United States, 59 U.S.L.W. 4625, 4627 (U.S.1991), applies equally to the grounds for the court's resolution of disputed factors which affect the guideline range.
 
 
 9
 We disagree. There is no requirement that the sentencing court give prior notice of grounds for denial of acceptance of responsibility. Denial of the adjustment is not similar to an upward departure. See United States v. Frazier, 971 F.2d 1076, 1082-87 (4th Cir.1992) (denial of reduction is not penalty), cert. denied, 61 U.S.L.W. 3480 (U.S.1993). Rather, the defendant has the burden of demonstrating that he is entitled to the reduction. United States v. White, 875 F.2d 427, 431 (4th Cir.1989). We find that Goodman has not shown that the district court clearly erred in denying him the adjustment.
 
 
 10
 The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED